UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:22-cr-00095 |
|  | : |  |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 27] |
| v. | : |  |
|  | : |  |
| JVEON MYKEL HOGG, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Jveon Hogg pled guilty to one count of being a felon in possession.[1] The Court sentenced Defendant Hogg to 48 months of imprisonment.[2] At his sentencing, this Court assigned Hogg two additional criminal history status points, because he committed his offense while under a criminal justice sentence.[3]

Hogg now moves under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821 to reduce Hogg's sentence to 39 months.[4] The government has not opposed his sentence-reduction motion.[5]

For the following reasons, the Court **GRANTS** Defendant Hogg's motion and reduces Hogg's sentence to **39 MONTHS**.

\* \* \*

Ordinarily, a court "does not have the authority to change or modify [a criminal] sentence unless such authority is expressly granted by statute."[6] 18 U.S.C. § 3582(c)(2) does

---

[1] Doc. 23 at PageID 114.
[2] *Id.* at PageID 115.
[3] Doc. 19 at ¶ 29.
[4] Doc. 27.
[5] *Id.* at PageID 131.
[6] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted).

Case No. 5:22-cr-00095
GWIN, J.

give statutory authority to reduce a previously imposed sentence because of retroactive amendments to the Sentencing Guidelines.[7]

When deciding whether to grant a sentence reduction under § 3582(c)(2), courts first apply the retroactive amendment to calculate an amended guideline range.[8] If the amended guideline range is lower than the original guideline range, courts then weigh the 18 U.S.C. § 3553(a) factors to determine if a sentence reduction is justified.[9] Under § 3582(c)(2), courts usually cannot reduce a defendant's sentence below the amended guideline range unless the original sentence was also below the original guideline range.[10]

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821(A) limits the criminal history impact of "status points," decreasing them by one point for defendants with seven or more criminal history points and eliminating them for those with six or fewer criminal history points.[11] Amendment 821(A) is retroactive.[12]

At his original sentencing, Defendant Hogg received five criminal history points based on prior convictions.[13] He received two additional status points for committing his federal offenses while on a criminal justice sentence.[14] Hogg's seven total criminal history points caused him to have Criminal History Category IV.[15] Combined with a total offense level of nineteen, this resulted in an original guideline range of 46–57 months.[16]

---

[7] 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826 (2010).
[8] *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)).
[9] *Id.*
[10] *Id.*
[11] Amendment 821, https://www.ussc.gov/guidelines/amendment/821.
[12] U.S.S.G. § 1B1.10(d).
[13] Doc. 19 at ¶ 28.
[14] *Id.* at ¶ 29.
[15] *Id.* at ¶ 30; U.S.S.G. Ch. 5, Pt. A (Sentencing Table).
[16] Doc. 19 at ¶¶ 14–23; Doc. 24 at PageID 121 (sustaining objection to the four-level increase in paragraph 15 of the final presentence report, resulting in a total offense level of 19).

Case No. 5:22-cr-00095
GWIN, J.

Amendment 821(A) reduces Hogg's status points to zero, giving him a total criminal history score of five and placing him in Criminal History Category III.[17] Using the original offense level, Hogg's amended guideline range is 37–46 months.[18] Thus, Defendant Hogg is eligible for a sentence reduction.

Because the relevant § 3553(a) factors have not appreciably changed since the original sentencing, and the government does not oppose Hogg's request, the Court finds that it is appropriate to grant a sentence reduction. The Court originally sentenced Hoggs to two months above the bottom of his original guideline range. Consistent with Hogg's original sentence, the Court reduces Hogg's sentence to two months above the bottom of his amended guideline range: 39 months.

The Court **GRANTS** Defendant Hogg's motion and **REDUCES** Defendant's sentence to **39 MONTHS**. Except as otherwise provided in this Order, all other terms of Hogg's original sentence remain in effect.

IT IS SO ORDERED.

Dated: April 22, 2024        *s/    James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[17] *See* U.S.S.G. Ch. 5, Pt. A.
[18] *Id.*

- 3 -